# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT MULLIGAN, JR.,<br>　　　　　　　　Appellant, | DOCKET NUMBER<br>PH-1221-22-0154-W-1 |
| 　　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　　　Agency. | DATE: May 10, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel P. Meyer</u>, Esquire, <u>Kaya C. Massey</u>, Esquire, Washington, D.C., for the appellant.

<u>Allen Brooks</u>, Esquire, Quantico, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the nonfrivolous allegation standard and address the appellant's arguments of adjudicatory error, we AFFIRM the initial decision.

## BACKGROUND

The appellant worked as a GS-7 Security Guard at the agency's Defense Counterintelligence and Security Agency (DCSA) from August 2020, until the agency removed him in April 2021, prior to the completion of his 2-year trial period. Initial Appeal File (IAF), Tab 1 at 1. The agency's stated reason for removing the appellant was "inappropriate behavior, failure to follow supervisor instruction, and absence without leave." IAF, Tab 6 at 48-50.

The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency retaliated against him based on his protected disclosures, among other alleged prohibited personnel practices. IAF, Tab 1 at 4. Specifically, he alleged that, between August and October 2020, he repeatedly informed his supervisors and human resources officials that the agency violated various laws by failing to issue him a firearm. IAF, Tab 5 at 24. The appellant also sent a letter to U.S. Senator Patrick Toomey regarding the same. *Id.* In December 2020, the appellant disclosed to his first-level supervisor concerns related to COVID-19 quarantine and safety protocols. *Id.* at 25. Finally, in

March 2021, he reported safety concerns to his first-level supervisor, apparently because he had not been issued a firearm. *Id.* at 26. OSC closed its investigation and informed the appellant of his appeal rights with the Board. IAF, Tab 1 at 4-5.

The appellant timely filed this IRA appeal alleging that the agency retaliated against him for reporting violations of law, rule, or regulation and a substantial and specific danger to public health and safety. IAF, Tab 5 at 61-62. The administrative judge did not inform the appellant of his burden to establish Board jurisdiction over his IRA appeal but ordered him to produce additional information so as "to properly assess [the appellant's] Whistleblower claims." IAF, Tab 4 at 2. In response, the appellant submitted a narrative statement and a copy of his complaint to OSC with attachments, which included a declaration and chronology prepared by the appellant. IAF, Tab 5 at 4-110. The administrative judge issued a second order to the appellant instructing him to identify the exact law, rule, or regulation he alleged that the agency violated. IAF, Tab 8. The appellant filed several documents in response to the order. IAF, Tabs 12-13.

The agency filed a motion to dismiss. IAF, Tab 14. The next day, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID) at 1, 10. He found that the appellant exhausted his administrative remedies with OSC, but that his disclosures were not protected under 5 U.S.C. § 2302(b)(8). ID at 6-10. Specifically, he found that the appellant failed to establish that he reasonably believed that the agency violated a law, rule, or regulation when it failed to arm him while on duty, that the appellant never made a disclosure concerning the alleged violation of COVID-19 protocols, and that the report of unsafe working conditions did not amount to a substantial and specific danger to public health or safety. ID at 8-10.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. On review, the appellant disagrees with the administrative judge's findings and argues that the administrative judge violated

the appellant's due process rights by issuing the initial decision 1 day after the agency filed its motion to dismiss and dismissing the appeal before the appellant had the opportunity to complete discovery. PFR File, Tab 1 at 8. The agency has filed a response, and the appellant has filed a reply. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before OSC[2] and make nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b) (9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(a) (1), (e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(b)(8); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 52.

An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, the administrative judge's orders did not provide the appellant with proper *Burgess* notice. IAF, Tabs 4, 8. However, the agency's narrative statement in its response to this appeal cured this error by identifying what the appellant needed to allege to establish jurisdiction over an IRA appeal. IAF, Tab 6 at 5-6; *see Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (stating that an administrative judge's failure to

---

[2] The administrative judge determined that the appellant exhausted all of his alleged protected disclosures. ID at 6. The parties do not dispute this finding and we discern no basis to disturb it.

provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings or the initial decision contain the notice that was otherwise lacking). The initial decision also advised the appellant of his jurisdictional burden. ID at 5-6. But it contained errors. Specifically, the administrative judge suggested that if the appellant made nonfrivolous allegations of jurisdiction, he would be entitled to a hearing, at which he would have the burden of proving jurisdiction by preponderant evidence. *Id.* The administrative judge also indicated that the Board could consider the agency's uncontradicted documentary submissions to the extent they pertain to jurisdiction. ID at 6.

An appellant meets his jurisdictional burden in an IRA appeal and is entitled to a hearing on the merits if, after exhausting his remedy with OSC, he makes nonfrivolous allegations that he engaged in protected activity that was a contributing factor in a personnel action. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016). An appellant is not entitled to a jurisdictional hearing in an IRA appeal; he is only entitled to a hearing once jurisdiction is established, and that hearing is on the merits. *Id.* In deciding whether an appellant has made nonfrivolous allegations sufficient to establish jurisdiction, the Board may not "credit[] the agency's interpretation of the evidence." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020). To the extent that the administrative judge suggested that the appellant was required to prove jurisdiction by preponderant evidence, was entitled to a hearing on jurisdiction, or had to counter the agency's evidence concerning jurisdiction with evidence of his own, as opposed to making nonfrivolous allegations, these statements of the law were incorrect.

We find that the administrative judge's errors do not warrant reversal in this instance. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (determining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The appellant was not prejudiced by the error, because both the agency's narrative

response and the initial decision contained the core information he needed. That information was the requirement that he make nonfrivolous allegations that he made a protected disclosure that was a contributing factor in a personnel action. IAF, Tab 6 at 5; ID at 6. Further, we have reviewed the administrative judge's determinations and, applying the proper standards, we agree that the appellant failed to establish jurisdiction, as further discussed below.

The appellant failed to nonfrivolously allege that the agency violated a law, rule, or regulation by failing to issue him a firearm.

The administrative judge found that the appellant failed to nonfrivolously allege that he reasonably believed that the agency violated a law, rule, or regulation when it failed to provide him with a firearm on duty. ID at 8. The administrative judge reasoned that there was no law, rule, or regulation requiring the arming of agency Security Guards. *Id.* Although the appellant disputes this determination, we are not persuaded. PFR File, Tab 1 at 9-10.

The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions listed in 5 U.S.C. § 2302(b)(8). *Pridgen*, 2022 MSPB 31, ¶ 52. In support of his allegation that he reasonably believed that the agency was required to arm him, the appellant referenced Department of Defense Instruction (DODI) 5525.15, his position description, and a Security Guard vacancy announcement. IAF, Tab 5 at 62, 77, Tab 10. Because it was not clear that DODI 5525.15 created such a requirement, the administrative judge ordered the appellant to identify the exact provisions stating that a Security Guard must be equipped with a weapon while on duty. IAF, Tab 8 at 1-2. The appellant did not respond to that portion of the administrative judge's order. IAF, Tab 12 at 4-5. The administrative judge found that the appellant failed to identify any provision within DODI 5525.15, his

position description, or the vacancy announcement that required agency Security Guards to be armed. ID at 8. Rather, he reasoned that they merely required that incumbents be qualified to carry and use firearms. *Id.* The appellant has not challenged these findings on review, and we see no reason to disturb them.

The appellant also quoted Army Regulation 190-56, Section 6-14(a) to support his reasonable belief concerning this disclosure. IAF, Tab 12 at 4, 31; PFR File, Tab 1 at 8. That regulation states, in relevant part, that "security guards will be provided with the weapons, ammunition and security equipment needed to perform their assigned duties." IAF, Tab 12 at 4, 31; PFR File, Tab 1 at 8. The administrative judge found that a disinterested observer would not have reasonably concluded that the agency violated this regulation by not supplying a firearm. ID at 8. He explained that the regulation applied only to the Department of the Army, and not to the Department of Defense. *Id.* On review, the appellant argues that he reasonably believed that the Army regulation applied to him because the patch worn on his uniform, and worn generally by agency staff, said "Department of the Army." PFR File, Tab 1 at 9. He has submitted copies of what he represents were his uniform patches. *Id.* at 9, 14-15. Even considering this new argument for jurisdictional purposes, we still find that the appellant failed to nonfrivolously allege that he reasonably believed that Security Guards were required to carry firearms.[3]

The appellant's reading of the Army Regulation is not reasonable. The vacancy announcement and position description identified the DCSA as the employing agency. IAF, Tab 5 at 33, Tab 10 at 5. The position description explicitly describes DCSA as "a separate Agency of the Department of Defense (DoD) under the direction, authority, and control of the Under Secretary of Defense for Intelligence." IAF, Tab 5 at 3. Further, Executive Order 13869,

---

[3] The appellant did not raise this argument or submit this evidence below. We have considered the appellant's new argument and evidence to the extent they implicate the Board's jurisdiction, because jurisdiction may be raised at any time during Board proceedings. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016).

which established the DCSA, makes clear that the agency is "[s]ubject to the authority, direction, and control of the Secretary of Defense." Exec. Order No. 13869, § 2(c)(i), 84 Fed. Reg. 18125, 18125-26 (2019). No reasonable person in the appellant's position, having available such unambiguous information that he was employed by the DCSA, could believe that the fact that he wore a Department of the Army badge changed his employing agency. So, we agree with the administrative judge that the appellant failed to nonfrivolously allege a reasonable belief that Army Regulation 190-56, Section 6-4(a), applied to him.

The appellant failed to nonfrivolously allege that his supervisor violated a law, rule, or regulation when she initially informed the appellant that "he could not quarantine [after a secondary exposure to COVID-19] for staffing reasons."

The appellant argued below and on review that the agency violated COVID-19 safety protocols when it initially denied his request to quarantine for 14 days after he worked with a coworker who had been exposed to COVID-19, even though the coworker had not tested positive for the virus. IAF, Tab 5 at 6; PFR File, Tab 1 at 7. In support of this belief that quarantining was required, the appellant pointed to the Centers for Disease Control (CDC) guidance, which "recommends a quarantine period of 14 days" following contact with persons "infected" with COVID-19. IAF, Tab 12 at 4-5, 54-55. The administrative judge found that the CDC guidelines were not mandatory, that they only concerned exposure to someone who had tested positive for COVID-19, and that the appellant was never forced to report to work during the 14-day quarantine period.[4] ID at 9. The appellant does not dispute these findings and we see no reason to disturb them.

Further, the administrative judge correctly found that the appellant never made a disclosure concerning the alleged violation of COVID-19 protocols.

---

[4] Although the initial decision cited the reasonable belief test to determine whether the appellant made a protected disclosure, the administrative judge does not appear to have applied the test to this disclosure. ID at 7-9. We therefore modify the initial decision to clarify the administrative judge's findings according to this standard.

ID at 8. He reasoned that the appellant merely asked his supervisor "to contact her supervisor for further direction" on whether he should quarantine after working with the coworker. ID at 8-9. The appellant does not dispute the administrative judge's findings in this regard, and we discern no reason to disturb them. PFR File, Tab 1 at 10, Tab 4 at 7-8. Moreover, when, as here, a disclosure concerns a potential violation of law, as opposed to an event that has already taken place, an appellant must prove that he reasonably believed the potential wrongdoing was real and immediate. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 38. The appellant has not alleged that, at the time he asked his supervisor for further direction, he reasonably believed that his supervisor would continue to insist he work despite his potential exposure.

Instead, the appellant argues that his supervisor's response, i.e., that the appellant "could not quarantine for staffing reasons," was itself a violation and that the supervisor's retraction of that statement did not invalidate his disclosure. PFR File, Tab 1 at 10. Again, the appellant has not alleged that he made any disclosure regarding the COVID-19 protocols, and he has not alleged that he disclosed that his supervisor's statement violated the law. Therefore, we agree that the appellant failed to nonfrivolously allege that he made a protected disclosure regarding the COVID-19 protocols.

The appellant failed to nonfrivolously allege that the agency's failure to provide him with a firearm amounted to a substantial and specific danger to public health or safety.

The appellant alleged below that he expressed to his supervisor that his working conditions were unsafe because the agency failed to equip him with a firearm. IAF, Tab 5 at 7, 25, 77. The administrative judge found that the appellant did not disclose a substantial and specific danger to public health or safety based on his concerns of a potential future incident in which he might be unable to sufficiently protect agency employees from bad actors. ID at 9-10.

In support of this finding, the administrative judge reasoned that the likelihood of harm was speculative rather than substantial and specific. ID at 10.

The Board has explained that disclosures regarding danger to the public must be both substantial and specific to be protected. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 10 (2013). Factors to be considered in determining whether a disclosed danger is sufficiently substantial and specific to be protected include the likelihood of harm, when the alleged harm may occur, and the potential consequences of the harm. *Id.* Disclosure of an imminent event is protected, but disclosure of a speculative danger is not. *Id.*

On review, the appellant argues that shootings on various military bases in 2009, 2013, and 2014 give rise to a likelihood of impending harm. PFR File, Tab 1 at 10-11. In *Mogyorossy v. Department of the Air Force*, 96 M.S.P.R. 652, ¶ 16 (2004), the Board found that an appellant's disclosure did not identify a substantial and specific danger in similar circumstances. Specifically, the appellant alleged that, due to the security threat after September 11, 2001, Security Guards' lives and the lives of those they protected could have been in danger if they were attacked because their weapons were not fully loaded. *Id.* The Board reasoned that the appellant's disclosure involved speculation that there could possibly be danger at some point in the future, which was insufficient. *Id.*, ¶ 17. Here, we find that the appellant's concern of unsafe working conditions is indistinguishable from *Mogyorossy* and, therefore, too speculative to be protected. *Id.* We are not persuaded by the appellant's argument that, because shootings occurred on military bases in 2009, 2013, and 2014, he reasonably believed that there was an imminent risk of violence in 2021 that could be lessened by giving him a firearm. Thus, we agree with the administrative judge that the appellant failed to nonfrivolously allege that he disclosed a substantial and specific danger to public health or safety.

The administrative judge did not violate the appellant's due process rights.

The appellant argues on review that the administrative judge violated his due process rights by issuing the initial decision 1 day after the agency filed its motion to dismiss, which was 9 days before the appellant's response was due. PFR File, Tab 1 at 8. A party typically has 10 days to object to an opposing party's motion. IAF, Tab 2 at 3-4; 5 C.F.R. § 1201.55(b). Here, because the agency's motion to dismiss was filed 1 day prior to the issuance of the initial decision, it is not clear to us that the administrative judge was aware of the agency's motion when he dismissed the appeal. He did not reference the agency's motion in the initial decision, nor indicate that he was granting any such motion.

Nonetheless, it is error when, as here, an administrative judge issues an initial decision without notifying the parties of the date when the record on jurisdiction will close. IAF, Tab 2 at 2-3, Tabs 4, 7-8; *Fidler v. U.S. Postal Service*, 53 M.S.P.R. 440, 442, 444 (1992). An administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). The appellant had the opportunity to file the instant petition for review disputing both the initial decision and the agency's motion to dismiss, and we have considered all of his arguments and evidence on review. Therefore, the administrative judge's error does not provide a basis to reverse the initial decision.

The appellant also argues that the administrative judge violated his due process rights by dismissing the appeal before he had the opportunity to complete discovery. PFR File, Tab 1 at 8. While the appellant asserts that "discovery was in progress," he does not indicate whether he made discovery requests to the agency, or if it owed him responses. He also has not indicated what information he was seeking, and there is no motion to compel in the record. Therefore, we cannot discern whether any alleged error by the administrative judge

prejudiced the appellant's rights. *See Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 14 n.* (2010) (concluding that an administrative judge's failure to rule on an appellant's motions regarding discovery was harmless because the appellant did not indicate how the information contained in the discovery sought was relevant and material to the dispositive jurisdictional issue). In the absence of evidence of such prejudice, we discern no reason to reverse the initial decision.

Accordingly, we affirm the administrative judge's determination that the Board lacks jurisdiction over this appeal, as modified above.

### NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.